OPINION OF THE COURT
Theodore Diamond, J.
After trial on September 7, 1989, for reasons stated on the record, I ruled that conditions at this building made it suitable for treatment pursuant to RPAPL article 7-A. Evidence was returned to the Department of Housing Preservation and *198 Development (HPD) for safekeeping. I advised HPD of issues resulting from enactment of Laws of 1989 (ch 95).
Mortgagee’s comments about a mortgage foreclosure Referee was not persuasive (RPAPL 778 [5]; Gomez v South Williamsburg, 129 Misc 2d 542; 1981 NY Legis Ann, at 413).
At hearing on September 25, HPD presented Mr. Reid, who was examined and demonstrated his qualifications.
RPAPL 778 deals with appointment of article 7-A administrators. The old system required improvement; many article 7-A administrators did not do the (admittedly difficult) job properly, some didn’t do anything, some were rascals. Laws of 1989 (ch 95), inter alla, "provides that the commissioner of the Department of Housing, Preservation and Development (HPD) promulgate rules and regulations regarding the criteria for the selection of 7-A administrators and establish a list of persons approved by such department * * * to ensure that administrators that are appointed meet basic standards” (June 1989 McKinney’s Session Laws of NY [No. 3], at A255-A256; mem in support of S 1389). Laws of 1989 (ch 95, § 2) adds new subdivision RPAPL 778 (8). It requires the HPD Commissioner to promulgate rules for the selection of article 7-A administrators, and also establish a list of persons so approved. If the city is not the article 7-A administrator, no one can be appointed an article 7-A administrator who is not on the list. That is the language; but how can a city be appointed an article 7-A administrator?
The new law was made effective "immediately” (May 22, 1989) by Laws of 1989 (ch 95, § 8). At the September 25, 1989 hearing, four months later, HPD did not know if such rules had been promulgated, or if Mr. Reid was on the list. Therefore, although the premises cries out for article 7-A treatment, I cannot appoint anyone as article 7-A administrator, except the HPD Commissioner, but only if he approves (RPAPL 778 [1]).
In order to protect the tenants, I considered torturing the statute, and appointing Mr. Reid anyway! However, Laws of 1989 (ch 95, §5) adds CCA 110 (p), which increases judicial responsibility for everything done by article 7-A administrators. Under the circumstances, it would be dangerous for a Judge to disregard RPAPL 778 (8).
Worse, we don’t know how long it will take HPD to promulgate rules and establish a list, something which should have been considered by HPD and the legislative representative *199 when they submitted this misdrafted legislation; or perhaps by the people who introduced, enacted, and approved the law. It may take many months, infra.
Such rule making is governed by City Charter amendments adopted by the voters in November 1988 (NY City Charter, ch 45; see, 1989 Report of Charter Rev Commn, vol 2, at 85f [hereafter Report]). The Charter applies even if the rule-making authority is based on State law (NY City Charter § 1043; Report, op. cit., at 92f). On September 25, 1989, HPD did not suggest that "emergency rules” had been promulgated pursuant to New York City Charter § 1043 (h), although it is clear that this inadvertent emasculation of the article 7-A law is an emergency "involving an imminent threat to health, safety” (Report, op. cit., at 99).
Also, HPD must explain why the new rule was not on its May 1, 1989 "regulatory agenda”. It must have been under consideration, since HPD’s bill was introduced early in 1989 (NY City Charter § 1042 [e]; Report, op. cit., at 91).
Rule making is now a lengthy process, involving notice, clearance by Corporation Counsel, public comment, creation of a public record, possible hearing, additional comments, publication and compilation (NY City Charter §§ 1043, 1045; Report, op. cit., at 94-101).
When all this is done, and we finally have the rules for qualification of article 7-A administrators quaere, if the subsequent adoption of the list of qualified persons must also be treated as a rule, with further delays (see, Report, op. cit., at 85f). Under the circumstances, the only way to protect the tenants is to appoint the HPD Commissioner as article 7-A administrator, but I cannot do so without his permission.
Copies of this opinion are being mailed this date to all appearing attorneys.
Continuing jurisdiction of this case shall remain with the Judge assigned to "HP Part 18-A”.